UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PALACIOS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN SMITH, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-2500 TLN CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, has filed two notices regarding defendant Smith's "dirty tricks" and a motion for a temporary restraining order or preliminary injunction. (ECF Nos. 49-51.)

A temporary restraining order is an extraordinary measure of relief that a federal court may impose without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose in issuing a temporary restraining order is to preserve the *status quo* pending a fuller hearing. The standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

1

1       "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has held that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," even if the moving party cannot show that he is likely to succeed on the merits. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). However, under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

      Plaintiff alleges that defendant Smith confiscated his medication for twenty-three days in November 2018 and that on July 30 and 31, 2019, Smith once again confiscated his medications, including his cardio medication, in an attempt to put his life at risk in retaliation for filing this lawsuit. (ECF Nos. 49-51.) He further asserts that Smith is attempting to transfer him to another prison. (ECF Nos. 50, 51.) He requests that the court prevent defendant from having him transferred and return his medications. (Id.)

      Although plaintiff claims that his medications have been confiscated, he clarifies in one of his notices that he is no longer allowed to keep them on his person and instead is now required to take his medications at the window. (ECF No. 50 at 1.) Plaintiff is therefore not being denied access to his medications and has not demonstrated a likelihood of irreparable harm. Furthermore, prisoners have no reasonable expectation that they will remain in any particular facility and prison officials have broad authority to transfer prisoners from one facility to another. Meachum v. Fano, 427 U.S. 215, 225, 228 (1976). "An inmate's liberty interests are sufficiently

extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another." Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir. 1985) (citing Meachum, 427 U.S. at 224-25; Olim v. Wakinekona, 461 U.S. 238, 245 (1982)). Accordingly, the possibility of transfer alone is not sufficient to demonstrate an irreparable harm that would warrant a temporary restraining order or preliminary injunction and plaintiff has failed to explain what harm he would experience if he were transferred. Plaintiff has not offered any evidence that he will suffer irreparable harm if he is not granted a temporary restraining order or preliminary injunction and it will therefore be recommended that the motion be denied. Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc., 736 F.3d 1239, 1251 (9th Cir. 2013) ("Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm.").

Plaintiff is reminded that his claim about Smith confiscating his medication in November 2018 was dismissed from this action for failure to exhaust (ECF No. 41), and if he wants to pursue that claim he will need to do so in a separate action after he has exhausted his administrative remedies. He is further advised that filing notices and motions with the court is not a substitute for the prison's administrative appeals process and he cannot bypass that process by doing so.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for temporary restraining order or preliminary injunction (ECF No. 51) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The
////
////
////

3

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 21, 2019

_/s/ Carolyn K. Delaney_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:pala2500.tro.f&r