UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE PALACIOS,<br><br>    Plaintiff,<br><br>    v.<br><br>KEVIN SMITH,<br><br>    Defendant. | No. 2:17-cv-02500-TLN-CKD<br><br>**ORDER** |

Plaintiff Jorge Palacios ("Plaintiff"), a state prisoner proceeding *pro se*, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 4, 2020, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen (14) days.  (ECF No. 71.)  Plaintiff has filed Objections to the Findings and Recommendations.  (ECF No. 72.)  Defendant Smith ("Defendant") filed a Response to Plaintiff's objections.  (ECF No. 73.)

The Court reviews *de novo* those portions of the proposed findings of fact to which objection has been made.  28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines*, 656 F.2d 1309, 1313 (9th Cir. 1981), *cert. denied*, 455 U.S. 920 (1982); *see also Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).  As to any portion of the proposed

1

1 findings of fact to which no objection has been made, the Court assumes its correctness and
2 decides the motions on the applicable law. *See Orand v. United States*, 602 F.2d 207, 208 (9th
3 Cir. 1979). The magistrate judge's conclusions of law are reviewed *de novo*. *See Britt v. Simi*
4 *Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Having carefully reviewed the entire file under the applicable legal standards, the Court finds the Findings and Recommendations to be supported by the record and by the magistrate judge's analysis.

Plaintiff's objections appear to reiterate his arguments in opposition to Defendant's Motion for Summary Judgment and the allegations of his complaint. (*See generally* ECF No. 72.) As correctly noted in the Findings and Recommendations, these arguments are conclusory and lack an evidentiary basis, as Plaintiff "is not a qualified medical expert able to provide competent testimony regarding the sufficiency of a medical examination." (*See* ECF No. 71 at 11 n. 2.) At most, Plaintiff's arguments regarding his medical needs and treatment amount to a difference of medical opinion that does not rise to the level of deliberate indifference. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004). Accordingly, Plaintiff's objections are overruled.

To the extent Plaintiff argues a neutral medical expert would have supported his claims and — for the first time in this action — requests appointment of a neutral medical expert (*see, e.g.*, ECF No. 72 at 4), Plaintiff's objections are not well-taken. The burden to request appointment of a neutral medical expert lies with Plaintiff, and it is a burden he failed to timely meet.[1] Furthermore, Plaintiff fails to set forth a factual predicate establishing that a competent expert would agree with his medical claims, or that such medical opinion could support a claim of deliberate indifference. *Sanchez*, 891 F.2d at 242; *Toguchi*, 391 F.3d at 1058. Accordingly, these objections are overruled.

---

[1]  The Court is additionally mindful that Plaintiff initiated this litigation nearly three years ago and therefore had ample time to assess his need for the appointment of a neutral expert and file a request. (ECF No. 1.) Plaintiff's motion to appoint counsel, filed on June 24, 2019 (ECF No. 43), similarly demonstrates Plaintiff possessed the capacity to timely submit the instant request, though he has provided no justification for his failure to do so.

Finally, the Court addresses Plaintiff's October 13, 2020 motion requesting the testimony of a Court-appointed neutral medical expert to rebut Defendant's arguments on summary judgment. (ECF No. 74.) Plaintiff's Motion — filed nine months after Defendant's Motion for Summary Judgment was filed (ECF No. 59) and over a month after the Findings and Recommendations to grant the Motion for Summary Judgment were issued (ECF No. 72) — is untimely. Nor does Plaintiff meet his burden of establishing his claims are so complex that the trier of fact requires evidence from a Court-appointed expert. Fed. R. Evid. 706; *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995) (purpose of a Rule 706 court-appointed expert is to assist the trier of fact, not serve as an advocate); *see also, e.g., Salcido v. Zarek*, 237 F. App'x 151, 152 (9th Cir. 2007) (requests for more pain medication, therapeutic collar, and pillow "not … a particularly complex claim"); *Honeycutt v. Snider*, No. 3:11-cv-00393-RCJ (WGC), 2011 WL 6301429 (D. Nev. Dec. 16, 2011) (expert not required to evaluate plaintiff's need for specialized orthopedic footwear); *Wilds v. Gines*, No. C 08-03348 CW (PR), 2011 WL 737616 (N.D. Cal. Feb. 23, 2011) (expert not required to evaluate plaintiff's low back pain and degenerative disc disease). For these reasons, Plaintiff's motion is DENIED.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations filed September 4, 2020 (ECF No. 71), are adopted in full;

2. Defendant's Motion for Summary Judgment (ECF No. 59) is GRANTED and all claims against Defendant Smith are DISMISSED;

3. Plaintiff's Motion for Expert Witness Testimony (ECF No. 74) is DENIED; and

4. The Clerk of the Court is directed to enter Judgment for Defendant and close this case.

IT IS SO ORDERED.

DATED: October 21, 2020

Troy L. Nunley
United States District Judge